MEMORANDUM **
Darin Lagronio challenges the district court’s dismissal of his Title VII retaliation action against the Army and Air Force Exchange Service (AAFES). We affirm.
Lagronio claims that AAFES issued him a 14-day suspension order in retaliation for Lagronio’s filing a complaint with the Equal Employment Opportunity Commission (EEOC).[1] Because Lagronio failed to show a causal link between filing the EEOC complaint and the 14-day suspension order, he failed to raise a triable issue of material fact that AAFES’s actions were retaliatory in violation of Title VII. See Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir.2007). Lagronio’s theory that Neddo issued the suspension order in retaliation for Lagronio’s EEOC complaint is not supported by the record, because there is no evidence that Neddo was responsible for issuing the suspension order. Nor does Lagronio argue that Neddo’s retaliatory animus can be imputed to the actual decisionmaker. See Poland v. Chertoff, 494 F.3d 1174, 1182-83 (9th Cir.2007). Moreover, no inference of causation arises due to the proximity of the EEOC filing and the issuance of the sus *615 pension order because more than a year passed between these two events. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1035 (9th Cir.2006); see also Manatt v. Bank of Am., NA, 339 F.3d 792, 802 (9th Cir.2003). Finally, Lagronio has also failed to raise a triable issue of material fact that AAFES’s reasons 'for issuing the suspension order (Lagronio’s insubordination and inappropriate comments) were pretextual. Lagronio adduced no evidence that his conduct was not punishable under AAFES policy or that a 14-day suspension was unusually long in context. Although Lagronio argues his conduct during his interaction with Vinson and Cretzinger did not warrant a 14-day suspension, the suspension order itself indicates the suspension was based on La-gronio’s conduct the day after that incident.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because Lagronio does not develop his arguments with respect to the other claims dismissed by the district court, we deem those claims to be abandoned. See United States v. Berber-Tinoco, 510 F.3d 1083, 1089 n. 2 (9th Cir.2007); see also Fed. R. App P. 28(a)(9)(A).